CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 5 2018

JULIA C. DUDLEY, CLERK
BY: _____
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

ROBERT ALLEN BANE,

        Plaintiff,

v.                                                    CASE NO.  7:17cv5

VIRGINIA DEPARTMENT
OF CORRECTIONS, *et al.*,

        Defendants.

## FINAL ORDER

This matter is before the Court on the parties' Stipulation of Dismissal with Prejudice (Dkt. No. 31), filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). It appearing to the Court that all matters of controversy in this action have been settled, it is hereby **ORDERED** that this action is **DISMISSED WITH PREJUDICE**. The Court shall, however, retain jurisdiction for the sole purpose of enforcing the terms of the settlement agreement (incorporated herein as Exhibit A), if necessary.

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so **ORDERED**.

Entered:  2 / 5 / 18

_____
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

ROBERT ALLEN BANE,

      Plaintiff,

v.                          CASE NO.  7:17cv5

VIRGINIA DEPARTMENT
OF CORRECTIONS, *et al.*,

      Defendants.

## SETTLEMENT AGREEMENT

Plaintiff Robert Allen Bane filed the above action in this Court alleging that the Virginia

Department of Corrections ("VDOC") had failed to accommodate his disability as required by

the Americans with Disabilities Act. Without admitting any liability or wrongdoing, VDOC and

Plaintiff agree to the settlement of this case pursuant to the following terms.

1. This agreement is entered into by the *pro se* Plaintiff, Robert Allen Bane, and Defendants VDOC and Barry Marano, in his official capacity as an employee of the VDOC.

2. Plaintiff and Defendants voluntarily enter into this agreement. No promises have been made by or to the Plaintiff or Defendants except as explicitly stated herein.

3. The agreement settles all claims – those currently brought and those that could have been brought pursuant to the allegations in the Complaint – against all defendants.

4. Plaintiff and Defendants hereby release and forever discharge each other from all claims and demands whatsoever relating to this lawsuit, except for any and all claims and demands relating to the enforcement of this Agreement.

1



5. Both parties agree to the dismissal of this case with prejudice, with the Court retaining jurisdiction pursuant to *Kokken v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).[1]

6. The parties agree that any disputes arising out of the settlement of this matter shall be submitted to United States Magistrate Judge Robert S. Ballou for binding arbitration. Plaintiff and Defendants shall be responsible for their own costs and / or attorney's fees related to any arbitration.

VDOC agrees to permit Plaintiff to use the Office Suite Application ("App" or "Application") on his JPay device as a disability accommodation, subject to the following rules.

Plaintiff and VDOC agree to the following:

a. Plaintiff is permitted to continue to possess the 7" JPay device he currently has as an accommodation for his dexterity disability.

b. Plaintiff is permitted to use and possess on his JPay device the Application with the following restrictions:

   i. Plaintiff agrees he will not permit other offenders to use his device or the Application.

   ii. Plaintiff agrees he will not print documents, drawings, or writings of any kind for any other offender.

   iii. Plaintiff agrees that if another offender attempts to coerce or force him into using the device for another offender or for any impermissible purposes, Plaintiff will report such an attempt to the appropriate prison personnel.

   iv. Plaintiff agrees that he is not entitled to any additional electronic storage capacity beyond that which is included with his JPay device. No USB drive, hard drive, or other computer storage will be provided to Plaintiff. Once the storage capacity of the device or the App is consumed, Plaintiff will have to decide what items on the device he wants to keep and what he wants to discard, just as an offender with paper documents and files must do when his documents or possessions exceed the VDOC's permitted amounts.

   v. VDOC is not responsible for the technical operations of the JPay device. Any technical malfunction of the device or the App must be resolved via the JPay

---

[1] Plaintiff, by his signature below, agrees that he has been provided a copy of this case prior to signing this agreement, and that he has read and understood the significance of this provision.

2

support procedures and must be managed by Plaintiff and JPay.

vi.    Plaintiff agrees that his JPay device, along with the contents of the documents he stores, sends, creates, or deletes while using the device are subject to search at any time by any prison official in accordance with VDOC policy. Plaintiff agrees that he will provide passwords or user identification so that staff may review the contents of the player upon request.

vii.    Plaintiff agrees he will not create any document or drawing that is in conflict with VDOC policies. Specifically, Plaintiff agrees he will not create documents that threaten the security and safety of any staff member, another offender, member of the public, or to the operation of any VDOC institution.

viii.    Plaintiff is permitted to collect printed documents from his JPay device during two designated weekdays at his institution. The warden shall designate staff to assist Plaintiff with printing his documents. The time, location, and dates of collection of printed documents shall be determined at the warden's discretion, and this information shall be communicated to Plaintiff. In cases of institutional lock down or other factors beyond the warden's control, the time and location are subject to change.

ix.    Plaintiff agrees that he will provide the paper for printing his documents. When he collects his printed materials, he is to provide to staff sheets of clean, usable printer paper equal to the number of sheets on which he has printed.

x.    Plaintiff's current facility, and any future facility, shall have the discretion to permit Plaintiff to carry the device in a container or manner as the facility staff sees fit. Carrying the device within the institution is subject to institutional discretion.

xi.    Plaintiff's current facility, and any future facility, shall have the discretion to permit the following: If Plaintiff is attending an educational or therapeutic program where other offenders would be permitted to carry their notebooks and writing implements, Plaintiff shall be permitted to carry his JPay device pursuant to the applicable rules for offenders who are permitted to carry notebooks and writing implements.

c.    If, at any time, prison officials determine that Plaintiff has misused or abused the Application or the printing accommodation (in ways that include, but are not limited to, permitting other offenders to use the Application, printing documents for other offenders, drafting, writing, or creating any threatening or violent writings or any document that could compromise the security of another offender, a staff member, or the institution, or using the device or the app to violate VDOC policy or the offender disciplinary code), then Plaintiff will be subject to an appropriate disciplinary charge.

     i.    Failure of Plaintiff to abide by any of the terms in this agreement may constitute a violation of the Offender Disciplinary provision entitled *Failure to Follow posted or written facility rules and regulations, including the Facility Orientation Handbook* or any other applicable disciplinary provision.

    ii.    Any hearing officer shall, in his or her discretion, have the ability to either restrict Plaintiff's access to the device, printer capabilities, and/or the word processing application for a temporary period of time or an indefinite amount of time, as the hearing officer may determine, as a suitable punishment upon a finding of guilt for the charged offense. Any hearing officer or disciplinary authority shall continue to have all other appropriate penalties as he or she may see fit to impose, consistent with existing disciplinary procedures. Plaintiff shall retain the ability to appeal any disciplinary conviction or punishment as outlined in the appropriate operating procedures that govern offender discipline.

d.    In the event that VDOC's contract with JPay is discontinued or in the event that JPay is no longer the chosen provider of tablet or electronic device services, VDOC officials will work with Plaintiff to institute a similar accommodation if new devices or a new provider are chosen and a similar accommodation is technologically possible. VDOC cannot and will not guarantee that JPay devices or similar devices will always be available to Plaintiff or other offenders. Plaintiff understands and accepts that there may be a delay in transitioning from one device or system to another, should a new system or device be chosen. VDOC is under no obligation to continue services with JPay as a result of this agreement. VDOC is under no obligation to choose a particular provider as a result of this agreement.

e.    In all other respects not specifically addressed in this agreement, Plaintiff's JPay device is subject to the same rules, policies, and regulations that apply to other offenders' JPay devices.

*Robert Allen Bane #1116695*

*12-21-17*

Plaintiff Robert Allen Bane

 

Signature of VDOC Official

*Marie M. Vargo, Operations Administrator*

Printed Name and Title

Attorney for Defendants