IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT ALLEN BANE,** | ) | |
| Plaintiff, | ) | CASE NO. 7:17CV00005 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **VIRGINIA DEPARTMENT OF** | ) | By:  Robert S. Ballou |
| **CORRECTIONS,** *et al.*, | ) | United States Magistrate Judge |
| Defendants. | ) | |

In this long-closed civil rights action under 42 U.S.C. § 1983, plaintiff Robert Allen Bane, a Virginia Department of Corrections ("VDOC") inmate proceeding *pro se*, alleged that the defendants violated his constitutional rights and his rights under the Americans with Disabilities Act ("ADA"), related to his hand disabilities.  Bane now seeks the court's assistance to enforce the terms of the settlement agreement which resolved the underlying litigation. I have reviewed the record and written submissions from the parties and decline to reinstate the case to the docket because Bane asserts new claims rather than enforcement of the terms of the parties' settlement agreement.

I.    Background.

In December 2017, Bane and the defendants agreed to settle this litigation and entered into a settlement agreement ("Agreement") which was incorporated into the final order dismissing the case on February 5, 2018.  The terms of the Agreement allowed Bane to possess and use a small tablet device and software provided by the JPay company in ways otherwise unauthorized for inmates.  The Agreement provided a particular accommodation to Bane under the ADA because of his dexterity disability, to assist with creating written documents and artistic works, which VDOC staff would then print for him to keep.  The Agreement was incorporated

into the final order that dismissed the case with prejudice (ECF Nos. 31-32). The parties agreed that the court would retain jurisdiction to enforce the settlement terms according to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Beginning in November 2020, Bane submitted a "Notice of Violation" asking for the court's enforcement of the Agreement, which he claims the defendants have violated. Since then he has also sought to engage in discovery in this still-closed case. These matters are now before me on the consent of the parties for disposition, pursuant to 28 U.S.C. § 636(c).

Critical to the court's ruling on the pending motions are the terms of the parties' Agreement, ECF No. 31-1, which primarily permit or require Bane to do things, rather than requiring the VDOC to take actions. Under the Agreement, the VDOC accommodated Bane's dexterity disability by allowing him "to use the Office Suite Application" ("the App") on a 7-inch JPay tablet device that Bane then possessed with certain limitations including:

i. he will not allow other inmates to use his device or the App;

ii. he will not print any documents for any other inmate;

iii. he will notify prison staff if any inmate tries to coerce or force him into using the device for anyone else or for any impermissible purpose;

iv he is not entitled to additional electronic storage capacity;

v. VDOC bears no responsibility for "the technical operations" of Bane's JPay device or the App and [a]ny technical malfunction of the device or the App must be resolved via the JPay support procedures and must be managed by [Bane] and JPay", *id.* at 2-3;

vi. Bane's device and documents he has created with it are subject to search at any time, and he will provide necessary passwords for such searches;

 vii. Bane will not create documents in conflict with VDOC policies;

 viii. Bane will be permitted to collect documents printed from his JPay device on two designated weekdays, to be determined at the facility where he is confined and subject to change during lockdowns;

 ix. Bane will provide paper for printing any of his documents;

 x. The facility where Bane is confined shall have discretion to determine the container Bane must use to carry his JPay device

 xi. The facility shall have discretion to permit Bane to bring his device to educational or therapeutic programs where other inmates may carry notebooks and writing utensils;

 xii. Bane's abuse or misuse of the device, the App, or the printing accommodation may subject him to a disciplinary charge and restricted use of one or more of these accommodations for a time, in addition to other disciplinary penalties; and

 xiii. Bane is subject to all rules applicable to other inmates' JPay devices.

Importantly, the Agreement provides that if the VDOC's contract with JPay is discontinued, VDOC officials will work with Bane to find similar accommodations. However, that Agreement does not obligate the VDOC to continue contracting with JPay or "guarantee that JPay devices or similar devices will always be available" to Bane or any other inmate. *Id.* at 4. The Agreement provides that "[n]o promises have been made by or to the Plaintiff or Defendants except as explicitly stated herein." *Id.* at 1.

In Bane's current motion, filed nearly three years after he signed the Agreement, he identifies what he describes as "issues of dispute" that he is asking the court to resolve. These

issues are partially based on "specific new dexterity limitations" that Bane faces, given the progression of his disability, and partially on changes to the functions of the App.  He lists ten categories of accommodations that he believes the Agreement covers:

(1)     Allow Bane direct communication with JPay's ADA coordinator;

(2)     Ensure that all JPay equipment and services Bane needs to accommodate his disability remain available and usable to him;

(3)     Direct JPay to stop changing Bane's JPay password (which had changed 34 times in twelve months before he filed his motion);

(4)     Direct JPay to reactivate all fonts previously available on his JPay device or allow Bane to use them some other way;

(5)     Direct JPay to reactivate the screen rotation function on Bane's JPay device;

(6)     Authorize Bane to purchase a ten-inch JPay device or a ten-inch "ChromeBook";

(7)     Authorize installation of "print driver" software on Bane's JPay device to prevent kiosk malfunctions from delaying his ability to print documents;

(8)     Send Veterans Administration ("VA") forms Bane requested through the Lantern App and upload his VA record (which is currently on a DVD) directly to his JPay device;

(9)     Authorize dedicated daily time for Bane to have access to the kiosk, or an alternate kiosk that is not malfunctioning, to avoid delays in his printing of time-sensitive documents; and

  (10) Provide a glue stick for Bane to use to seal envelopes or paste on envelope labels.

Bane asserts that the VDOC and/or JPay have constructively amended the agreement by accommodating changing needs because of his disability and that they are obligated under the Agreement to meet his new demands for accommodation. Bane further argues that the VDOC's failure to refute these purported amendments constitutes a waiver of the right to do so, that the Agreement as amended under Bane's view is enforceable, and that VDOC has breached the Agreement by failing to provide proper accommodations for his disability.

The defendants contend that Bane fails to show that they have violated any term of the Agreement and that his current demands are not covered by the Agreement and do not provide a basis for court intervention or reinstatement of the case. Bane has responded, served requests for discovery, and filed a motion to compel. The matter is now ripe for decision.

II. Discussion.

"Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378. The district court's ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees" provides the required independent basis for jurisdiction to enforce a settlement agreement, however, if "the parties' obligation to comply with the terms of the settlement agreement has been made part of the order of dismissal"—by including a provision that retains jurisdiction over the settlement or "by incorporating the terms of the settlement agreement in the order." *Id.* at 381. The dismissal order in this case does incorporate the parties' Agreement, and the court "retain[ed] jurisdiction for the sole purpose of enforcing the terms" of the Agreement. Order 1, ECF No. 32. Thus, the current motion involves alleged claims for

breaches of the parties' contract — the Agreement that was part of the consideration for dismissal of the underlying lawsuit. *Id.* at 381. Therefore, I find that I have jurisdiction to review Bane's claims that the defendants have breached its terms and to consider possible remediation.

To enforce the Agreement, I must (1) find that the parties reached a complete agreement and (2) must be able to determine the agreement's terms and conditions. *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002). The Agreement is incorporated into the court's order of dismissal, and thus, I have jurisdiction to adjudicate challenges to compliance with the terms of that Agreement. That jurisdiction, however, does not extend to new "fresh claims" against the defendants for failing to accommodate his disabilities. *Hopson v. City of Baltimore*, No. CIV. WDQ-04-3842, 2014 WL 4662339, at *2 n.6 (D. Md. Sept. 16, 2014) (aff'd sub nom. *Carter v. Baltimore City Police Dep't*, 598 F. App'x 860 (4th Cir. 2015)).[1]

Bane's desired accommodations in late 2020 and 2021 do not match the terms of the parties' Agreement. In fact, Bane admits that the Agreement terms detailed in the defendants' responsive pleading are not in dispute and have not been violated. *See* Resp. 42 n. 23, ECF No. 52. Instead, Bane views the Agreement as a fluid and ever-evolving promissory document. By his argument, any time a defendant, VDOC staff member, or JPay employee worked with him and attempted to make additional accommodations on his behalf, those agreements to assist him have become part of the Agreement enforceable in this case as part of a settlement agreement entered into more than three years ago. I can find no legal support for this theory and utterly reject it. JPay is not a party to the Agreement and never has been. Moreover, the Agreement

---

[1] I do not need to address the standard of proof required to establish a violation of a settlement agreement incorporated into the court's dismissal order. *See Hopson*, 2014 WL 4662339, at *6 n.2 (discussing civil contempt standard of clear and convincing evidence for a knowing violation of a court order or breach of contract standard of preponderance of the evidence). Here, Bane's enforcement attempt fails under either evidentiary standard.

provided that the VDOC did not have any responsibility to maintain the functionality of Bane's device or the App in the same condition as it existed at the time of the Agreement. Rather, Bane agreed to work with JPay on such matters.

Furthermore, the Agreement expressly stated that its enforceable terms did not include any promise made outside its written terms. Prison officials have obligations under the ADA and other regulatory provisions to work with disabled persons, like Bane, to help them participate as fully as possible in public programs and services. These obligations, however, do not magically alter the mutually accepted terms of the Agreement on which the parties dismissed the underlying claims in this lawsuit with prejudice three years ago. I cannot find that Bane has alleged any breach of the terms of the Agreement. As to any purported later agreements, whether verbal or in writing, between Bane and various individuals to accommodate his disability in particular ways, I find no basis on which I have jurisdiction over such agreements within this case. For these reasons, I deny Bane's motion seeking enforcement of the Agreement and deny his motion to compel the defendants to respond to his related discovery requests. An appropriate order will issue. The court will send a copy of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

Enter: October 21, 2021

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge